IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHUN J. PARK and TAE J. PARK,** | § | |
| | § | |
| Appellants, | § | |
| | § | |
| v. | § | Civil Action No. **3:06-CV-1804-L** |
| | § | |
| **CHEN HWU CHANG and** | § | |
| **GABRIELLA CHANG,** | § | |
| | § | |
| Appellees. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Appellants' appeal of the bankruptcy court's orders granting Plaintiffs' (Appellees') motions for summary judgment and final judgment. Appellees Chen Hwu Chang and Gabriella Chang ("the Changs") brought a complaint as an adversary proceeding, seeking denial of discharge of a debt incurred by Appellants Chun J. Park and Tae J. Park ("the Parks") through fraud and other misconduct. The parties disagree over the issues presented on appeal; however, they both acknowledge that the key issue is whether the bankruptcy court erred in granting summary judgment in favor of the Changs, because a state court judgment which found that the Parks obtained money from the Changs by fraud collaterally estopped the Parks from denying fraud. After careful consideration of the briefs, the record on appeal, and the applicable law, the court **affirms** the bankruptcy court's decisions.

## **I. BACKGROUND**

The current bankruptcy dispute arises from an earlier dispute involving the Changs' purchase of two automobiles from the Parks' dealership, Auto Country, Inc. The Changs filed suit in state court, and stated in their petition that they fully paid for the vehicles in January 2004, and received

**Memorandum Opinion and Order – Page 1**

title documents for them, but the cars were repossessed without warning by Toyota of Dallas in February 2004. Appellants' Amended Designation of Record, Volume 2 ("R. Vol. 2") at 47-48. The Changs alleged that Auto Country and the Parks failed to pay Toyota of Dallas, which claimed right of title, and they brought suit against the Parks, Auto Country and others for breach of contract, fraud, misrepresentation, violations of the Texas Deceptive Trade Practices Act, and other claims. R. Vol. 2 at 48-61. The case was tried in July 2005 in the 162nd Judicial District Court in Dallas County before a jury. The jury returned a verdict in the Changs' favor, and its findings of fact included the following:

> 3. Auto Country, Inc. knowingly engaged in the false, misleading and deceptive acts or practices and unconscionable action or course of action that was a producing cause of the damages to [the Changs];
> 4. Auto Country, Inc. intentionally engaged in the false, misleading and deceptive acts or practices and an unconscionable action or course of action that was a producing cause of the damages to [the Changs];
> 5. Auto Country, Inc. committed fraud against [the Changs] and Toyota of Dallas;
> . . .
> 27. The individual Tae K. Park a/k/a Tae Keum Park is personally responsible for the conduct of Auto Country, Inc.;
> 28. The individual Chun J. Park a/k/a Chunja Kim Park a/k/a Chun Ja Park is personally responsible for the conduct of Auto Country, Inc.;
> 30. Tae K. Park a/k/a Tae Keum Park was part of a consipracy that damaged [the Changs] and Toyota of Dallas; and
> 31. Chun J. Park a/k/a Chunja Kim Park a/k/a Chun Ja Park was part of a conspiracy that damaged [the Changs] and Toyota of Dallas.

R. Vol. 2 at 23, 25. The judgment, entered August 1, 2005, held the Parks and Auto Country, Inc. jointly and severally liable to the Changs for damages for actual loss, mental anguish, fraud and deceptive trade practices, and also awarded prejudgment interest, attorney's fees and court costs to the Changs. R. Vol. 2 at 25-27.

On August 23, 2005, the Parks filed their petition for voluntary Chapter 7 bankruptcy, and, in turn, the Changs filed a complaint seeking denial of a discharge of the judgment debt owed to

**Memorandum Opinion and Order – Page 2**

them, pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6). Specifically, the Changs argued that the judgment debt should not be discharged because it was obtained by "false pretenses, a false representation, or actual fraud"[1]; was the result of "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny"[2]; or the result of "willful and malicious injury by the debtor to another entity or to the property of another entity."[3]  R. Vol. 2 at 21-22.  The Changs filed a motion for summary judgment on April 10, 2006, which the bankruptcy court granted in part by its order of June 22, 2006, following a hearing on the motion.  The bankruptcy court determined that the state court judgment conclusively established the that Parks defrauded the Changs, consistent with the fraud contemplated by § 523(a)(2)(A), but that the judgment did not establish "willful and malicious" injury as contemplated by § 523(a)(6). R. Vol. 2 at 153-55.  Accordingly, the bankruptcy court held that the Parks were collaterally estopped from contesting the issue of fraud, but not the issue of willful or malicious conduct.  The bankruptcy court's order also stated that it could not determine the amount of nondischargeable debt, because it could not determine the amount of damages from the underlying judgment flowing from the fraud finding, and held those issues over for trial. R. Vol. 2 at 155.  Following a second motion for summary judgment and alternative motion to reconsider by the Changs, the bankruptcy court issued a second order on August 25, 2006.  In it, the bankruptcy court determined that all of the damages awarded to the Changs by the state court were nondischargeable, because all the damages ultimately arose from the Parks' fraud, as found by the jury. R. Vol. 2 at 181-82.  The court granted the Changs' second summary judgment motion,

---

[1] 11 U.S.C. § 523(a)(2)(A).

[2] 11 U.S.C. § 523(a)(4).

[3] 11 U.S.C. § 523(a)(6).

**Memorandum Opinion and Order – Page 3**

and entered its judgment accordingly on September 5, 2006. The Parks now appeal that decision on the grounds that the bankruptcy court erred by reconsidering the Changs' motion, and by determining that collateral estoppel applied to this case.

## II.     Legal Standards

### A.     Standard of Review

In a bankruptcy appeal, district courts review bankruptcy court rulings and decisions under the same standards employed by federal courts of appeal: a bankruptcy court's findings of fact are reviewed for clear error, and its conclusions of law *de novo*. *See Robertson v. Dennis* (*In re Dennis*), 330 F.3d 696, 701 (5th Cir. 2003); *Century Indem. Co. v. Nat'l Gypsum Co. Settlement Trust (In re Nat'l Gypsum Co.*), 208 F.3d 498, 504 (5th Cir.), *cert. denied*, 531 U.S. 871 (2000). In this case, as the bankruptcy court ruled on a summary judgment motion, the decision is reviewed *de novo*.

### B. Summary Judgment

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Ragas*, 136 F.3d at 458. Further, a court "may not make

credibility determinations or weigh the evidence" in ruling on motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

**C. Collateral Estoppel and Fraud Claims in Bankruptcy**

Unlike other forums where *res judicata* precludes a court from deciding issues that could have been litigated in a previous proceeding, *res judicata* will not prevent a bankruptcy court from determining whether an alleged fraud may prevent a discharge, even if the allegation could have been raised in an earlier proceeding. *See Brown v. Felsen*, 422 U.S. 127, 138-39 (1979). Similarly, under the even narrower principle of collateral estoppel, a bankruptcy court may, under certain circumstances, still determine whether a claim of fraud will prevent a discharge, even if the fraud claim was already raised in an earlier proceeding. *See id.* at 139 n.10; *Archer v. Warner*, 538 U.S. 314, 322-23 (2003); *accord Grogan v. Garner*, 498 U.S. 279, 285 (1991). If, however, "in the course of adjudicating a state-law question, a state court should determine factual issues using standards identical to those of [the Bankruptcy Act][4], then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in the bankruptcy court." *Brown*, 422 U.S. at 139 n.10. Stated another way, a bankruptcy court "could properly give collateral estoppel effect to those elements of the claim that are identical to the elements required for discharge and which were actually litigated and determined in the prior action." *Grogan*, 498 U.S. at 284 (holding that fraud need not be proved by clear and convincing evidence in bankruptcy if the identical elements of fraud were already established by a preponderance of the evidence in a prior proceeding). The Fifth Circuit elaborated on this by holding that:

> [c]ollateral estoppel applies in bankruptcy courts only if, *inter alia*, the first court has made specific, subordinate, factual findings on the identical dischargeability issue in question–that is an issue which encompasses the same prima facie elements as the bankruptcy

---

[4]*Brown* was decided under the Bankruptcy Act of 1970, applying section 17, but the Court noted that the discharge provisions applicable in section 17 are substantially similar to section 523 of the current law. *Brown*, 422 U.S. 127 at 129 n.1.

**Memorandum Opinion and Order – Page 6**

>   issue–and facts supporting the court's findings are discernible from that court's record.

*Dennis v. Dennis* (*In re Matter of Dennis*), 25 F.3d 274, 278 (5th Cir. 1994)

A debtor has no constitutional or fundamental right to a discharge in bankruptcy. *Grogan*, 498 U.S. at 286 (internal citations omitted). Rather, discharge in bankruptcy rests on a congressional policy to grant a "fresh start" to the "honest but unfortunate debtor." *Id.* at 287. In passing bankruptcy laws,[5] Congress made dischargeability a matter of federal law to be determined by a bankruptcy court, even if the *validity* of a creditor's claim is determined by the rules of state law. *See Grogan,* 498, U.S. at 283-84; *see also Dennis*, 25 F.3d at 277-78. The Bankruptcy Code's nondischargeability provision originally covered only "judgments sounding in fraud," but Congress's later change of the language to cover all such "liabilities . . . indicated that Congress intended the fullest possible inquiry [into the nature of the debt] to ensure that all debts arising out of fraud are excepted from discharge, no matter what their form." *Archer*, 538 U.S. at 321 (internal quotations and citations omitted). The "mere fact that a conscientious creditor has previously reduced his claim to judgment should not bar further inquiry into the true nature of the debt." *Brown*, 422 U.S. at 138. A bankruptcy court, therefore, "is not confined to a review of the judgment and record in the prior state-court proceedings when considering the dischargeability of" a debt. *Id.*

### III. ANALYSIS

In this case, the Parks argue that the state court judgment imputes vicarious liability to them for the fraudulent conduct of Auto Country, Inc., and is insufficient to support a determination of nondischargability. Brief of Appellants ("Appellant Br.") at 7-13. They also argue that the state

---

[5]This includes the Bankruptcy Act, which was passed in 1970, and the later Bankruptcy Code passed in 1979.

**Memorandum Opinion and Order – Page 7**

court judgment did not allocate damages arising from fraud, and that the bankruptcy court erred when it reconsidered the Changs' second summary judgment motion. *Id.* at 10-11. The Changs refute the Parks' arguments and contend that the bankruptcy court correctly determined that collateral estoppel applied to all fraud findings and damages awarded by the state court. The court agrees with the Changs.

To find a debt non-dischargeable for actual fraud under 11 U.S.C. § 523 requires a showing that (1) the debtor made a representation; (2) the debtor knew the representation was false; (3) the representation was made with the purpose and intention of deceiving the creditor; (4) the creditor reasonably relied on such representation; and (4) the creditor sustained a loss as a result of the representation. *In re Mercer*, 246 F.3d 391, 403 (5th Cir. 2001); *Dodson v. Church* (*In re Church*), 69 B.R. 425, 432 (Bankr. N.D. Tex. 1987). In this case, the state court's charge to the jury stated that fraud occurs when:

> a. a party makes a material misrepresentation,
> b. the misrepresentation is made with knowledge of its falsity or made recklessly without any knowledge of the truth and as a positive assertion,
> c. the misrepresentation is made with the intention that it should be acted on by the other party, and
> d. the other party relies on the misrepresentation and thereby suffers injury.

R. Vol. 2 at 71. In response to the question: "Did Auto Country, Inc. commit fraud against [the Changs]," based on the above-cited definition for fraud, the jury answered "yes." *Id.* Accordingly, this court determines that the fraud elements from the underlying state case are identical to the elements required for discharge under § 523, and were actually litigated and determined in the prior action.

The Parks also argue that their liability for fraud from the underlying state court suit was merely "vicarious" or "imputed," and that such vicarious or imputed liability is insufficient to

**Memorandum Opinion and Order – Page 8**

determine nondischargeability under § 523. Appellant Br. at 9. In support of this argument, the Parks cite *RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1296-97 (5th Cir. 1995). The court finds this argument unavailing. In *RecoverEdge*, the court determined that collateral estoppel barred a creditor from arguing nondischargability, because the issue of whether the debtor participated in a fraudulent scheme was previously litigated and conclusively decided in the debtor's favor. *Id.* at 1294. The court noted that the judgment from the prior litigation specifically excluded the debtor as a conspirator, and the court rejected the creditor's argument that knowledge or participation in the scheme could be "imputed" upon the debtor. *Id.* at 1294-97. In this case, the jury was specifically instructed to consider whether the Parks were "responsible for the conduct of Auto Country, Inc." and instructed that the Parks were "responsible" if:

> Auto Country, Inc. was organized and operated as a mere tool or business conduit of [the Parks]; there was such unity between Auto Country, Inc. and [the Parks] that the separateness of Auto Country, Inc. had ceased and holding only Auto Country, Inc. responsible would result in injustice; and [the Parks] caused Auto Country, Inc. to be used for the purpose of perpetuating and did perpetuate an actual fraud on [the Changs] and Toyota of Dallas primarily for the direct personal benefit of [the Parks].

R. Vol. 2 at 77-78.[6] The jury found the Parks responsible for the conduct of Auto Country, Inc. *Id.* Thus, the issue of whether the Parks, individually, committed fraud through their dealership, Auto Country, Inc., was actually litigated and determined by the state court suit. The jury's determination that the Parks caused Auto Country, Inc. "to be used for the purpose of perpetuating and did perpetuate an actual fraud primarily for the direct personal benefit" of each individual is not a finding of "vicarious" liability, but rather direct liability. The bankruptcy court did not "impute" fraudulent conduct to the Parks, and it did not impose "vicarious" liability upon the Parks when it

---

[6]The court has replaced the name of each Appellant with "the Parks" in brackets, since the identical question was posed to the jury through two separate questions, Question 17 and Question 18, naming Tae K. Park and Chun J. Park, individually. *See* R. Vol. 2 at 77-78.

**Memorandum Opinion and Order – Page 9**

determined that they were collaterally estopped from denying the fraudulent conduct attributed to them through the state court verdict. Accordingly, this court determines that the bankruptcy court did not err when it granted the Changs' summary judgment motions on the ground that collateral estoppel precluded relitigation of the Parks' liability for committing fraud upon the Changs.

The Parks also argue that the bankruptcy court had no cause for reconsidering the Changs' second summary judgment motion, and that the bankruptcy court erred, because it considered such motion as a motion for relief, pursuant to Fed. R. Civ. P. 60(b). Appellant Br. at 10. This argument also fails, because the bankruptcy court was within its discretion to reconsider the issue of damages. The bankruptcy court's first order on the Changs' first summary judgment motion stated that it could not "determine the amount of damages which flow from the fraud finding," and required damages to "be proved before this Court." R. Vol. 2 at 155. The bankruptcy court then held a hearing on the Changs' second summary judgment motion or motion to reconsider on August 15, 2006, and issued a second order in which it determined that "all of the damages awarded to the [Changs] by the state court ultimately arose from the [Parks'] fraud, as found by the Jury, and is nondischargeable." R. Vol. 2 at 181-82. The bankruptcy court stated that it would treat the Changs' second motion "as a Rule 60(b) motion," pursuant to Fed. R. Br. P. 9024. R. Vol. 2 at 181. Rule 60(b) applies to relief following the entry of judgments, and is made applicable in bankruptcy through Rule 9024, which also addresses the application of Rule 60(b) to motions to reconsider orders allowing or disallowing claims or discharges in bankruptcy. *See* Fed. R. Br. P. 9024. Accordingly, the bankruptcy court did not err by treating the Changs' second motion as a Rule 60(b) motion.

To the extent that the Parks argue that the bankruptcy court erred in finding the entire debt nondischargeable, the court disagrees. The bankruptcy court's second order relied on *Cohen v. de*

*la Cruz*, 523 U.S. 213 (1998), to determine that all of the damages awarded by the state court judgment flowed from the state court fraud finding. R. Vol. 2 at 181-82. In *Cohen*, the Supreme Court specifically contemplated that a creditor's recovery could exceed the value of the money, property, etcetera, fraudulently obtained by the debtor, and determined that the discharge exception of § 523(a)(2)(A) prevents the discharge of any debt "that is fraudulently obtained, including treble damages, attorney's fees, and other relief that may exceed the value obtained by the debtor." *Cohen*, 523 U.S. at 223.[7] Accordingly, this court agrees with the bankruptcy court's finding that all damages awarded by the state court judgment are nondischargeable.

Finally, the Parks equitably argue, "[a]s a result of an interpretation or language barrier during discovery, the Park[]s were not allowed to present evidence or testimony at trial," but that if they had participated, "they could have proven that the damages alleged by the Chang[]s were in fact caused by other individuals without the Park[]s knowledge or consent." Appellant Br. at 13. First, the Parks' allegation that a language barrier hampered their participation in the state court trial is unsupported by any evidence on the record, nor have the Parks pointed to any evidence in the record to substantiate this allegation. Second, even if the Parks were so hampered by a language barrier, or even if others may be responsible for the fraud committed, these issues should have and could have been raised during the state court case, and *res judicata* bars this court from considering them. The evidence on the record establishes that the Parks committed fraud upon the Changs, for

---

[7]By way of example, the Court noted, "if a debtor fraudulently represents that he will use a certain grade of shingles to roof a house and is paid accordingly, the cost of repairing any resulting water damage to the house could far exceed the payment to the debtor to install the shingles." Cohen, 523 U.S. at 222 (citing *In re Church*, 69 B.R. 425, 427 (Bankr. N.D. Tex. 1987)). The Court concluded that Congress intended the discharge exception of § 523 to favor the creditor's interest in full recovery of debts obtained through fraud over the debtor's interest in receiving a fresh start. *Id.*

**Memorandum Opinion and Order – Page 11**

which a state court judgment assessed damages. No other competent evidence has been provided to show otherwise.

## IV. CONCLUSION

For the reasons stated herein, the court determines that the bankruptcy court correctly determined that no genuine issue of a material fact existed as to the issue of collateral estoppel and granted summary judgment in favor of the Changs. Accordingly, the court **affirms** the bankruptcy court's orders and final judgment, holding the Parks' debt to the Changs, as set forth through the underlying state court judgment, nondischargable under 11 U.S.C. § 523(a)(2)(A).

**It is so ordered** this 19th day of July, 2007.

_____
Sam A. Lindsay
United States District Judge